02-11-094--095-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00094-CR

NO. 02-11-00095-CR

 

 


 
 
 Aaron Dale Campbell
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 271st
District Court OF Wise COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Aaron Dale Campbell waived his right to a jury trial and entered open pleas of
guilty to possession of a firearm by a felon and chemical transport with intent
to manufacture a controlled substance.  See Tex. Penal Code Ann. § 46.04(a)
(West 2011); see also Tex. Health & Safety Code Ann. § 481.124(a)(1)
(West 2010).  Campbell also pleaded true to enhancement paragraphs contained in
one of the indictments.  Campbell now appeals his convictions of five years’
and fifteen years’ confinement.  We will affirm.

Campbell’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that, in his professional
opinion, the appeal is frivolous.  Counsel’s brief and motion meet the
requirements of Anders v. California by presenting a professional
evaluation of the record demonstrating why there are no arguable grounds for
relief.  386 U.S. 738, 87 S. Ct. 1396 (1967).  We gave Campbell the
opportunity to file a pro se brief, and he did not file one.  The State
also did not file a brief.

As
the reviewing court, we must conduct an independent evaluation of the record to
determine whether counsel is correct in determining that the appeal is
frivolous.  See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991); Mays v. State, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no
pet.).  Only then may we grant counsel’s motion to withdraw.  See Penson v.
Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).  Because
Campbell entered an open plea of guilty, our independent review for potential
error is limited to potential jurisdictional defects, the voluntariness of
Campbell’s plea, error that is not independent of and supports the judgment of
guilt, and error occurring after entry of the guilty plea.  See Monreal v.
State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young v. State, 8
S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We
have carefully reviewed the record and counsel’s brief.  We agree with counsel
that this appeal is wholly frivolous and without merit; we find nothing in the
record that might arguably support the appeal.  See Bledsoe v. State,
178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); see also Meza v. State,
206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant
counsel’s motion to withdraw and affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
MCCOY,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 21, 2012









[1]See Tex. R. App. P. 47.4.